UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 3:18CR48(SRU) |
| v. | |
| ROBERT V. MATTHEWS, <br> LESLIE R. EVANS | March 21, 2018 |

### NOTICE OF RELATED CASE

The United States of America respectfully notifies the Court that the above-captioned matter is related to two cases currently before the Hon. Victor A. Bolden, *United States v. Matthews*, Case No. 3:18CR43(VAB) ("*G. Matthews*") and *United States v. Nicholas Laudano*, Case No. 3:18CR47(VAB) ("*Laudano*"). Each of these cases stem from the same underlying fraud.

On March 7, 2018, in *G. Matthews*, an individual named Gerry Matthews ("G. Matthews") waived indictment and pleaded guilty to one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349. The Clerk's Office had randomly assigned that matter to Judge Bolden in the days before the plea. Shortly after G. Matthews' plea, an individual named Nicholas Laudano indicated a willingness to waive indictment and plea guilty to an information. Both cases involve the misappropriation of investor funds earmarked for the development of the Palm House Hotel in Florida. The Clerk's Office randomly assigned the *Laudano* case to the Hon. Vanessa L. Bryant. Both Judge Bryant and Judge Boldens' chambers were notified that the cases were related, and the *Laudano* case was transferred to Judge Bolden. On March 12, 2018, Laudano waived indictment and pleaded guilty to a two-count information charging him with conspiracy to commit bank fraud

1

in violation of 18 U.S.C. § 1349 and illegal monetary transactions in violation of 18 U.S.C. § 1957 before Judge Bolden.

On March 14, 2018, a Grand Jury sitting in New Haven returned the indictment in the instant matter. The fraud charges and related counts in the indictment also stem from the misappropriation of investor funds earmarked for the development of the Palm House Hotel in Florida.

This Court's "related case" policy calls for the prosecution or defense to identify, for the benefit of the Court, when cases are "related," at which point the judges presiding over the earlier and later cases shall consult to determine whether the cases are, in fact, related. *See* Memorandum of Chief Judge Alfred V. Covello ("Re: Assignment of Criminal Cases") at ¶4 (Dec. 10, 1999). Assignment of a new related case to the judge presiding over an earlier case may occur "only after that judge determines that the cases are, in fact, related." *Id.; see* D. Conn. L. Cr. R. 50(b) ("In the event that it is subsequently determined that there is pending in this District a related case, . . . such case should normally be assigned to the Judge having the earliest filed case. A case may be reassigned at the discretion of the Chief Judge, after due consultation with the transferor and transferee Judge.").

For reasons of judicial economy and in accordance with the Court's "related case" policy, the Government respectfully recommends that the instant matter as well as the matters involving G. Matthews and Laudano be assigned to the docket of a single judge. A copy of this notice will also be provided to Judge Bolden's chambers.

Respectfully submitted,

JOHN H. DURHAM
UNITED STATES ATTORNEY

/s/
JOHN T. PIERPONT, JR.
ASSISTANT U.S. ATTORNEY
Fed Bar No. phv07973
157 Church Street, 25th Floor
New Haven, CT 06510
(203) 821-3700
john.pierpont@usdoj.gov

CERTIFICATE OF SERVICE

      I hereby certify that on March 21, 2018, a copy of the foregoing was filed electronically with the court and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

                                        _____/s/_____
                                        JOHN T. PIERPONT, JR.
                                        ASSISTANT UNITED STATES ATTORNEY