UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ROBERT V. MATTHEWS. | Case No. 18-cr-48-VAB-1 |

**RULING AND INTERIM ORDER ON MOTION TO MODIFY CONDITIONS OF RELEASE**

Mr. Robert V. Matthews ("Defendant"), charged in a twenty-count indictment with various counts including wire fraud, bank fraud, conspiracy, and illegal monetary transactions, has been released pending trial, subject to a number of conditions, including to "avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution, including: the witnesses and victims identified by the government to counsel or Mr. Matthews." Conditions of Release Order at 2, ECF No. 28.

Mr. Matthews seeks to modify the conditions of release to permit contact with three witnesses, M.P., G.S., and L.M. The United States of America (the "Government") opposes this proposed modification. A hearing has been scheduled for June 18, 2018, at 11:00 a.m. to discuss this matter fully and the parties will have an opportunity to submit briefs on this issue.

In the interim, and for the reasons that follow, the Court **MODIFIES** the conditions of release from the date of this Order until June 18, 2018, to permit Mr. Matthews to speak to M.P., G.S., and L.M., but only in so far as (1) it relates to ongoing business matters; (2) these ongoing business matters are not the subject of this prosecution; (3) these ongoing business matters

1

cannot otherwise be addressed through the appropriate counsel; and (4) there will there be no discussion or reference in any way of this ongoing criminal matter, including but not limited to any anticipated testimony from these three witnesses or any past information they may have provided to federal law enforcement. Mr. Matthews thus shall not seek to influence improperly the testimony of any of these three witnesses in any way. Nothing in this Order, however, precludes Mr. Matthews from communicating with these individuals through attorneys.

I.   BACKGROUND

On March 14, 2018, a federal grand jury sitting in this District named Mr. Matthews in a twenty-count indictment and charged him with eight counts of wire fraud under 18 U.S.C. § 1343, one count of bank fraud under 18 U.S.C. § 1344, one count of conspiracy to commit wire fraud and bank fraud under 18 U.S.C. § 1349, six counts of illegal money transactions using wire fraud proceeds under 18 U.S.C. §1957, and three counts of illegal money transactions using bank fraud proceeds under 18 U.S.C. § 1344. Indictment, ECF No. 1.

On March 15, 2018, an arrest warrant was issued for Mr. Matthews and Mr. Matthews appeared in the Southern District of Florida before Magistrate Judge David Lee Brannon on that same day. Judge Brannon advised Mr. Matthews, who was present and sworn in, of the charges, the maximum penalties associated with these charges and of his rights. Warrant, ECF No. 3. A detention and removal hearing was set for March 19, 2018, at 10:00 a.m. in the West Palm Beach Division of the Southern District of Florida.

On March 19, 2018, Magistrate Judge William Matthewman held a bond hearing. Rule 5 Docs. at 25–31, ECF No. 13. The Government and Mr. Matthews worked out an agreement on bond, which was set at $500,000 as a Preferred Surety Bond (PSB), co-signed by third-parties and secured by property.

On April 17, 2018, the Court held a bond hearing on the conditions of Mr. Matthews's release. ECF No. 18. The parties agreed and signed an Order that set forth the conditions of release and included, among other conditions, that Mr. Matthews would "avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution, including: the witnesses and victims identified by the government to counsel or Mr. Matthews." Conditions of Release Order at 2, ECF No. 28.

On May 29, 2018, the Government provided a list of individuals that Mr. Matthews should not contact (the "no contact list"). On May 30, 2018, the Court held a continued bond hearing. ECF No. 31. At the hearing, Mr. Matthews objected to the inclusion of three individuals on the no contact list: M.P., G.S., and L.M. Mr. Matthews argued that he has ongoing social and business relationships with these three individuals, and he sought permission from the Court to have contact with them. Mr. Matthews, through counsel, represented that he would not discuss the witnesses' anticipated testimony or past information they may have provided to federal law enforcement, and would not seek to improperly influence the potential witnesses' testimony.

## II.   DISCUSSION

The conditions of release should be no more than necessary "to reasonably assure the appearance of the person as required and the safety of any other person and the community[.]" 18 U.S.C. § 3142(c)(1)(B). Between now and June 18, 2018, a less than three-week period, the conditions of release already set forth and as modified in this Order should be sufficient until a more complete hearing can be conducted.

Indeed, under the Bail Reform Act of 1984, 18 U.S.C. § 3141, "[c]riminal defendants are generally entitled to pretrial release." *United States v. Mallory*, 268 F. Supp. 3d 854, 861 (E.D. Va. 2017). Of course, release is subject to certain conditions, and release may be denied or

revoked if "the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 18 U.S.C. § 3142(b).

All individuals subject to pretrial release are subject to certain conditions: that they not commit a federal, state, or local crime, and that they cooperate in the collection of a DNA sample if authorized under 42 U.S.C. § 14135a. 18 U.S.C. § 3142(c). If the court determines that release based on those two conditions will not "reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community," the court "shall order the pretrial release of the person . . . subject to the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]" 18 U.S.C. § 3142(c)(1)(B).

The least restrictive further conditions may include the condition that the person "avoid all contact with an alleged victim of the crime and with a potential witness who may testify concerning the offense." 18 U.S.C. § 3142(c)(1)(B)(v). While a "challenged condition is currently in place, and the court comes to consider the question upon motion of the defendants, the defendants do not bear the burden of persuading the Court that the challenged condition is inappropriate"; instead, "the Court must determine whether the condition is appropriate based on the complete record." *United States v. Lillemoe*, 2015 WL 9694385, at *1 (D. Conn. May 28, 2015).

At the May 30th hearing, Mr. Matthews expressed concern that a complete prohibition on any contact with M.P., G.S., and L.M. would adversely affect legitimate ongoing business activities. The Government, in turn, expressed concern about how contact with any of the

4

witnesses on the current list, including these three individuals, might affect the administration of justice. As a result, the Government argues for no contact at all until the issue is decided definitively.

Given that the no contact list contains 103 names, that Mr. Matthews's motion to modify the conditions of release only relates to three of those names and, for those three names, the Court has now placed additional restrictions and limited Mr. Matthews to only contact he may reasonably need to have with them, the Court is satisfied that a temporary modification is appropriate based on the record developed so far. *See United States v. Lee*, 972 F. Supp. 2d 403, 408 (E.D.N.Y. 2013) (recognizing that the court must determine whether to "place restraints on a defendant's liberty while criminal charges are pending" on an individualized basis); *see also* 18 U.S.C. § 3142(c)(3) (providing that the Court may at any time amend the order governing conditions of release "to impose additional or different conditions of release").

The Court therefore limits Mr. Matthews's contact with M.P., G.S., and L.M. from the date of this Order to June 18, 2018. For the foregoing reasons, the Court **MODIFIES** the conditions of release from the date of this Order until June 18, 2018, to permit Mr. Matthews to speak to M.P., G.S., and L.M., but only in so far as (1) it relates to ongoing business matters; (2) these ongoing business matters are not the subject of this prosecution; (3) these ongoing business matters cannot otherwise be addressed through the appropriate counsel; and (4) there will there be no discussion or reference in any way of this ongoing criminal matter, including but not limited to any anticipated testimony from these three witnesses or any past information they may have provided to federal law enforcement. Mr. Matthews thus shall not seek to influence improperly the testimony of any of these three witnesses in any way. Nothing in this Order precludes Mr. Matthews from communicating with these individuals through attorneys.

**SO ORDERED** at Bridgeport, Connecticut, this 1st day of June, 2018.

/s/ Victor A. Bolden
THE HONORABLE VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE