UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Case No.: 3:18-cr-48-VAB |
| v. | : | |
| | : | |
| ROBERT V. MATTHEWS | : | June 6, 2018 |
| | : | |

## MOTION FOR MODIFICATION OF CONDITIONS OF RELEASE

The defendant, Robert Matthews, hereby moves to modify his conditions of pre-trial release, so he may continue to associate with several of his personal friends and business associates. The government's position that Mr. Matthews, as a criminal defendant, automatically should be prohibited from contacting *any* person whom the government peremptorily chooses to add to its "no contact" list fails to satisfy the particularized showing required by the Bail Reform Act, *U.S. v. Lillimoe,* 2015 WL 9694385, *3 (D. Conn. 2015), and violates Mr. Matthews' due process and first amendment rights, *U.S. v. Karper,* 847 F.Supp.2d 350, 359 (N.D.N.Y. 2011); *U.S. v. Arzberger*, 592 F.Supp.2d 590, 603-04 (S.D.N.Y. 2008). Moreover, the proffer provided by the government to support its all-encompassing, no-contact request is not supported by the government's actual evidence, and is contradicted by the declarations provided by the persons at issue here. *Wherefore*, Mr. Matthews requests that the Court modify his conditions of release, so that he may associate freely with these persons.

### Background

Mr. Matthews was arraigned by the Court on April 17, 2018, and released on a secured $500,000 bond. Included in the Court's standard conditions of release was the requirement that Mr. Matthews avoid all contact with "the witnesses and victims to be identified by the

1

government." ECF 28, at 2.  Then, on May 29, 2018—more than two months after the indictment was issued and Mr. Matthews first arrested—the government emailed to counsel a "no contact list" that included 128 names.  *See* **Exhibit A**.  Notably, the list does not purport to identify only "witnesses and victims" as required by the Court's order, but instead sweepingly declares who, in the government's view, shall not be contacted.

The government's "no contact" list contains a number of persons who Mr. Matthews has known for years and considers to be close friends or with whom he is currently doing business. The undersigned immediately conferred with government counsel in regard to eight of these people, and the government agreed to "remove" three of them from its list: Dom Gatto (25), Don Perry (27), and Keith Sullivan (59).  The parties could not agree, however, in regard to Glenn Straub (39), Larry Moens (63), and Mar[c] Payne (73)—the three persons with whom Mr. Matthews most wanted to maintain contact.

As set forth in the attached declarations (*see* **Exhibits B-D**), Mr. Matthews and his wife are close friends with Messrs. Payne and Straub, who are providing them with comfort and support during these difficult times.  Mr. Matthews also interacts with both Messrs. Payne and Straub for business reasons, some relating to disposition of the Palm House, one of the properties featured in the government's indictment.  Mr. Moens, in contrast, is a real estate broker who is listing Mr. Matthews' house for sale, and needs to interact with Mr. Matthews in order to market the property effectively.  All three want to continue to speak with Mr. Matthews, and each has expressed good reason for doing so.

At the recent bond hearing held on May 30, 2018, the government stepped back from the sweeping proffer it had made during the April 17 bond hearing, in part to avoid the constitutional issue of whether Mr. Matthews has the right to confront government witnesses when the

government seeks to deprive him of liberty interests based on its unsworn say-so. Nonetheless, during the May 30 hearing, the government sought to justify its efforts to keep Mr. Matthews away from *all* of the persons on its "no contact" list by proffering to the Court that Mr. Matthews, after first being approached by the FBI in Florida last year, allegedly soon thereafter contacted one of his business partners, Nick Laudano. While the government did not articulate any specific wrongdoing that allegedly occurred during this meeting, it sought to create the implication that Mr. Matthews, by merely approaching his colleague, had somehow sought to impede or obstruct Laudano's testimony. When undersigned counsel complained to the Court that the government's discovery did not include a report of interview of Laudano that supported the government's position (*nor* did it contain proper *Giglio* disclosures for Laudano. or any other witness, as required by the Standing Order on Discovery),[1] the government told the Court that such report had been provided and that it gladly would point it out to the defense.

The report pointed out by the government is attached as **Exhibit E**. Quite plainly, it does *not* contain the information that was repeatedly proffered by the government to the Court. Indeed, contrary to the government's claims, the report states that *Laudano called Matthews* after the FBI *contacted Laudano* by phone earlier in the day, and that *Matthews told Laudano to tell the truth. Id.* at 4. The government has since provided defense with a previously undisclosed report of interview of Laudano; but that report, too, contains no information about Matthews' supposed attempt to improperly influence Laudano during the initial FBI visit. Moreover, this new-found report also includes a statement by Laudano that Mr. Matthews did *not* try to get him to change a statement he had made to law enforcement.

---

[1] This issue remains outstanding.

**Argument**

The release of a person facing trial must be under the "least restrictive" combination of conditions that will reasonably assure the appearance of the person and the safety of the community. 18 U.S.C. § 3142(c)(1)(B).  When determining whether conditions of pre-trial release are the "least restrictive," the Court should compare those conditions against the interests the government seeks to protect. *U.S. v. Salerno,* 481 U.S. 739, 754 (1987)*.* The government's legitimate concern for protecting the community "does not create a *per se* rule that this government interest always outweighs the constitutional right of liberty; for, if that conclusion were perpetually so, then it would deny due process." *U.S. v. Karper,* 847 F.Supp.2d 350, 359 (N.D.N.Y. 2011) (internal quotation marks omitted).  The Court cannot assume that a certain restriction is necessary in all cases of a certain type; rather, the Court must consider "particularized evidence" and make an "individualized determination" of the need for the restriction. *U.S. v. Arzberger,* 592 F.Supp.2d 590, 601, 602 (S.D.N.Y. 2008).

Presumably, the government seeks to keep Mr. Matthews from associating with his friends and colleagues to assure the safety of the community.  But the mere formula that (a) these persons *may* be witnesses in his case (they have yet to be identified as such), does not inexorably mean that (b) they *must* be "protected" from Mr. Matthews in advance of trial.  Indeed, such an axiomatic approach to whether a defendant may have contact with witnesses would be unconstitutional. *Karper,* 847 F.Supp.2d at 359; *U.S. v. Arzberger*, 592 F.Supp.2d 590, 603-04 (S.D.N.Y. 2008).

Each of these witnesses has had ongoing contact with Mr. Matthews since the time the government's investigation first became overt in May 2017, and since the time of his indictment and arrest in March of this year.  And, each has legitimate personal and/or business reasons for continuing to associate with Mr. Matthews while his case remains pending.  In short, the

government has expressed no good reason why Mr. Matthews should *not* be allowed to associate with these persons, and these witnesses have provided plenty of good reason why they should be allowed to do so.

At bottom, the government is asking the Court to infer that, merely because Mr. Matthews is an untried criminal defendant, he *must* have improper motives and purpose whenever meeting with potential witnesses—including close friends—and that, therefore, he is likely to commit a crime if allowed to associate with them. Surely this presumption of obstruction is not supported by the record and is inconsistent with the dictates of the Bail Reform Act. *See U.S. v. Lillimoe,* 2015 WL 9694385, *3 (D. Conn. 2015) ("the mere worry that an indicted person may commit a crime, such as obstruction of justice or evidence tampering, is not sufficient to justify every restraint on that person because crime prevention is a quintessential general law enforcement purpose and therefore is the exact opposite of a special need.").

"[O]ne of the foundations of our society is the right of individuals to combine with other persons in pursuit of a common goal by lawful means." *National Association for the Advancement of Colored People v. Claiborne Hardware Co.*, 458 U.S. 886, 933 (1982) (footnote omitted). Here, the government asks the Court to take away that valued right, based on its unsupported say-so and without any particularized showing. Such categorical restriction on Mr. Matthews' right to association simply cannot bear the weight of scrutiny.

**Conclusion**

For the foregoing reasons, Mr. Matthews requests that the Court amend its conditions of release so that Mr. Matthews be allowed to associate Dom Gatto, Don Perry, Keith Sullivan, Glenn Straub, Larry Moens, and Mar[c] Payne.

Respectfully submitted,

*/s/ David A. Ring*
David A. Ring (ct14362)
Wiggin and Dana LLP
One Century Tower
265 Church Street
P.O. Box 1832
New Haven, CT 06508-1832
Tel: (203) 498-4377
Fax: (203) 782-2889
Email: dring@wiggin.com
*Attorney for Defendant*
ROBERT V. MATTHEWS

**CERTIFICATION**

I hereby certify that on June 6, 2018 a copy of the foregoing Motion for Modification of Conditions of Release was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ David A. Ring*
David A. Ring (ct14362)
Wiggin and Dana LLP