UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ROBERT V. MATTHEWS. | Case No. 18-cr-48-VAB-1 |

**RULING AND ORDER ON MOTION TO MODIFY CONDITIONS OF RELEASE**

Charged in a twenty-count indictment with various counts including wire fraud, bank fraud, conspiracy, and illegal monetary transactions, Robert V. Matthews ("Defendant"), has been released pending trial, subject to a number of conditions, including to "avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution, including: the witnesses and victims identified by the government to counsel or Mr. Matthews." Conditions of Release Order at 2, ECF No. 28.

On June 1, 2018, the Court issued an interim Order granting a modification to Mr. Matthews's conditions of release. Interim Order, ECF No. 32. Under that Order, from June 1, 2018 to June 18, 2018, Mr. Matthews could communicate with three witnesses, Marc Payne, Glenn Straub, and Larry Moens, but only in so far as (1) it related to ongoing business matters; (2) these ongoing business matters were not the subject of the prosecution; (3) these ongoing business matters could not otherwise be addressed through the appropriate counsel; and (4) there would be no discussion of or reference to this ongoing criminal matter, including but not limited to any anticipated testimony from those three witnesses or any past information they may have

1

provided to federal law enforcement. *Id.* at 1–2. The Court instructed: "Mr. Matthews thus shall not seek to influence improperly the testimony of any of these three witnesses in any way." *Id.* at 2.

Mr. Matthews now moves to modify the conditions of his release from June 18, 2018, forward, "so he may continue to associate with several of his personal friends and business associates." Mot. to Modify Cond. Of Release ("Def. Memo."), ECF No. 33.[1] The Government has opposed the motion. Opp. to Mot. to Modify Cond. of Release ("Gov. Memo."), ECF No. 35.

For the following reasons, the Court **GRANTS** Mr. Matthews's motion to modify his conditions of release, and **MODIFIES** the June 1st Order as follows: Mr. Matthews can communicate with Marc Payne, Glenn Straub, and Larry Moens, as long as these communications are (1) related to ongoing social and business matters; (2) these ongoing social and business matters are not the subject of this criminal prosecution; and (3) there is no discussion of or reference to this ongoing criminal matter, including but not limited to any anticipated testimony from these three witnesses or any past information they may have provided to federal law enforcement. The Court further reiterates that Mr. Matthews shall not seek to influence improperly the testimony of any of these three witnesses in any way.

## I.   BACKGROUND

On March 14, 2018, a federal grand jury sitting in this District indicted Mr. Matthews and charged him with eight counts of wire fraud under 18 U.S.C. § 1343, one count of bank fraud under 18 U.S.C. § 1344, one count of conspiracy to commit wire fraud and bank fraud under 18 U.S.C. § 1349, six counts of illegal money transactions using wire fraud proceeds under 18

---

[1] During a June 18, 2018 telephonic hearing, the Court continued its June 1st Order until the issuance of this one today.

U.S.C. §1957, and three counts of illegal money transactions using bank fraud proceeds under 18 U.S.C. § 1344. Indictment, ECF No. 1.

On March 15, 2018, an arrest warrant was issued for Mr. Matthews, and Mr. Matthews appeared in the Southern District of Florida before Magistrate Judge David Lee Brannon on that same day. Judge Brannon advised Mr. Matthews, who was present and sworn in, of the charges, of the maximum penalties associated with these charges, and of his rights. Warrant, ECF No. 3. A detention and removal hearing was set for March 19, 2018, at 10:00 a.m. in the West Palm Beach Division of the Southern District of Florida.

On March 19, 2018, Magistrate Judge William Matthewman held a bond hearing. Rule 5 Docs. at 25–31, ECF No. 13. The Government and Mr. Matthews worked out an agreement on bond, which was set at $500,000 as a Preferred Surety Bond (PSB), co-signed by third-parties and secured by property.

On April 17, 2018, this Court held a bond hearing on the conditions of Mr. Matthews's release. ECF No. 18. The parties agreed and signed an Order that set forth the conditions of release and included, among other conditions, that Mr. Matthews would "avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution, including: the witnesses and victims identified by the government to counsel or Mr. Matthews." Conditions of Release Order at 2, ECF No. 28.

On May 29, 2018, the Government provided a list of individuals that Mr. Matthews should not contact (the "no contact list"). On May 30, 2018, the Court held a continued bond hearing. ECF No. 31. At the hearing, Mr. Matthews objected to the inclusion of three individuals on the no contact list: Marc Payne, Glenn Straub, and Larry Moens. Mr. Matthews argued that he has ongoing social and business relationships with these three individuals, and he sought

3

permission from the Court to have contact with them. Mr. Matthews, through counsel, represented that he would not discuss the witnesses' anticipated testimony or past information they may have provided to federal law enforcement, and would not seek to improperly influence the potential witnesses' testimony.

On June 1, 2018, the Court issued an interim Order, permitting Mr. Matthews, for the time between June 1, 2018, and June 18, 2018, to communicate with three witnesses, Marc Payne, Glenn Straub, and Larry Moens, but only in so far as (1) it related to ongoing business matters; (2) these ongoing business matters were not the subject of this prosecution; (3) these ongoing business matters could not otherwise be addressed through the appropriate counsel; and (4) there would be no discussion of or reference to this ongoing criminal matter, including but not limited to any anticipated testimony from those three witnesses or any past information they may have provided to federal law enforcement. *Id.* at 1–2.

On June 6, 2018, Mr. Matthews moved to modify the conditions of his release, and on June 18, 2018, the Court held a hearing on Mr. Matthews's motion. The Court issued an Order that the Interim Order and the conditions of Mr. Matthews's release set forth in that Order would remain in place until June 22, 2018, at which time the Court would issue a new Order on Mr. Matthews's conditions of release. ECF No. 36.

## II. STANDARD OF REVIEW

The conditions of release should be no more than necessary "to reasonably assure the appearance of the person as required and the safety of any other person and the community[.]" 18 U.S.C. § 3142(c)(1)(B). "Criminal defendants are generally entitled to pretrial release." *United States v. Mallory*, 268 F. Supp. 3d 854, 861 (E.D. Va. 2017); 18 U.S.C. § 3141. Release, however, is subject to certain conditions and may be denied or revoked if the judicial officer

determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community. 18 U.S.C. § 3142(b).

All individuals subject to pretrial release are subject to certain conditions: that they not commit a federal, state, or local crime, and that they cooperate in the collection of a DNA sample if authorized under 42 U.S.C. § 14135a. 18 U.S.C. § 3142(c). If the court determines that release based on those two conditions will not "reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community," the court "shall order the pretrial release of the person . . . subject to the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]" 18 U.S.C. § 3142(c)(1)(B).

The least restrictive further conditions may include the condition that the person "avoid all contact with an alleged victim of the crime and with a potential witness who may testify concerning the offense." 18 U.S.C. § 3142(c)(1)(B)(v). While a "challenged condition is currently in place, and the court comes to consider the question upon motion of the defendants, the defendants do not bear the burden of persuading the Court that the challenged condition is inappropriate"; instead, "the Court must determine whether the condition is appropriate based on the complete record." *United States v. Lillemoe*, 3:15-cr-00025 (JCH), 2015 WL 9694385, at *1 (D. Conn. May 28, 2015). Moreover, the court must determine whether to "place restraints on a defendant's liberty while criminal charges are pending" on an individualized basis. *United States v. Lee*, 972 F. Supp. 2d 403, 408 (E.D.N.Y. 2013); *see also* 18 U.S.C. § 3142(c)(3) (providing that the Court may at any time amend the order governing conditions of release "to impose additional or different conditions of release").

### III. DISCUSSION

Mr. Matthews argues that the Court should allow him to "associate freely with" "several of his personal friends and business associates. Def.'s Mot. at 1. Mr. Matthews argues that the Court should impose the least restrictive conditions on his release, and he argues that these witnesses have each "had ongoing contact with Mr. Matthews since the time the government's investigation became overt in May 2017, and since the time of his indictment and arrest in March of this year." *Id.* at 4. He argues that each has "legitimate personal and/or business reasons for continuing to associate with Mr. Matthews while his case remains pending." *Id.*

Marc Payne submitted a Declaration stating that he is "a personal friend and business associate of Robert Matthews," who interacts with him nearly daily, "in part to provide encouragement and support him and his family under his current, difficult circumstances," and also to continue "ongoing business activities with Mr. Matthews, including collaborating with him in connection with the financial difficulties of the Palm House." Payne Dec. ¶¶ 1–3, ECF No. 33-2.

Mr. Straub submitted a Declaration stating that he is an acquaintance of Mr. Matthews and a close friend of Mr. Matthews's wife. Straub Decl., ECF No. 33-3. Mr. Straub stated that he recently loaned Mr. Matthews a car, as Mr. Matthews "is financially unable to repair his car." *Id.* ¶ 2. He also stated that he "would like to have the ability to speak with Mr. Matthews from time-to-time because of his knowledge of the history of the Palm House Hotel property, all of which can be useful for future sales of the hotel/condo units." *Id.* ¶ 3. He stated that having no contact with Mr. Matthews during this case "would inhibit [his] ability to provide the support and comfort to the Matthews' family that [he] would prefer to give, and hamper [his] ongoing business dealings with the Palm House Hotel property." *Id.* ¶ 4.

Mr. Moens also submitted a Declaration stating that he is a real estate agent who has been retained by Mr. Matthews to sell his house in Palm Beach, Florida. Moens Decl. ¶¶ 1–2, ECF No. 33-4. He stated that, to "fulfill [his] duties as the real estate broker for Mr. Matthews' house," he has needed to and will need to speak regularly with Mr. Matthews. *Id.* ¶ 3.

The Government opposes the motion to modify Mr. Matthews's conditions of release, arguing that Mr. Matthews "has already shown a willingness to speak to Government witnesses about this case," and that "in his own briefing, the defendant admits that he wants to speak to two of the witnesses about matters directly related to the allegations in this case." Gov. Memo. at 1. The Government argues that Mr. Matthews faces serious charges of fraud, that the Government has a strong case, and that Mr. Matthews poses a danger to the community, "demonstrated [by] a willingness to speak to individuals that he knows are speaking with the Government about this case." *Id.* at 7.

The Government argues that Mr. Payne, Mr. Straub, and Mr. Moens are each potential witnesses for the Government. The Government argues that Mr. Payne "is familiar with the inner workings of and the corporate structure related to the Palm House Hotel," testified in a related SEC matter, and "appeared to try to purchase 115 Lower Church Hill Road out of foreclosure with the defendant (before Nicholas Laudano and the defendant did so as alleged in the Indictment) by representing he had no affiliation with the defendant, when, in fact, that was not true." *Id.* at 3–4. The Government also argues that Mr. Straub "is the current first mortgage holder of the Palm House Hotel" and is seeking to foreclose on the property. *Id.* at 4. Finally, the Government argues that Mr. Moens "made a personal loan to the defendant," and that Mr. Matthews repaid the loan with EB-5 funds. *Id.*

While the Court appreciates the Government's arguments, there is not a sufficient basis in this record for limiting Mr. Matthews's contact with Marc Payne, Glenn Straub, and Larry Moens, as the Government recommends. Significantly, in adopting the "least restrictive" conditions of release, the Court notes that each of the three witnesses have submitted affidavits, not only noting their willingness to be contacted by Mr. Matthews, but also specifying how an overly restrictive prohibition from contact will affect ongoing social and business matters, not related to the prosecution of this case. *See* Payne Dec. ¶ 5 (stating that no contact with Mr. Matthews "would inhibit [his] ability to provide the support and comfort to Mr. Matthews that [he] would prefer to give, and hamper [their] ongoing business dealings"); Straub Dec. (stating that he has loaned a car to Mr. Matthews, that he "would like to have the ability to speak with Mr. Matthews from time-to-time because of his knowledge of the history of the Palm House Hotel property, all of which can be useful for future sales of the hotel/condo units," and that a no contact order "would inhibit [his] ability to provide the support and comfort to the Matthews' family that [he] would prefer to give, and hamper [his] ongoing business dealings with the Palm House Hotel property"); Moens Dec. ¶ 3 ("In order to fulfil my duties as the real estate broker for Mr. Matthews' house, I have needed to, and will need to, speak with Mr. Matthews on a regular basis.").

The Government, of course, has legitimate concerns that any business conversations relating to the Palm House Hotel property may involve matters related to this criminal prosecution. The "least restrictive" condition of release, however, is not to ban any such discussions regarding this property, but instead to reiterate that any such business discussions must steer clear of the ongoing criminal prosecution. *See* 18 U.S.C. § 3142(c)(1)(B) (stating that the conditions of release should be no more than necessary "to reasonably assure the appearance

of the person as required and the safety of any other person and the community"); *see Lillemoe*, 2015 WL 9694385, at *1 (stating that it is not the defendant's burden to establish that a challenged condition is not appropriate, and that instead, "the Court must determine whether the condition is appropriate based on the complete record"). The same principle holds true for any social conversations between and among Mr. Matthews and any of these three witnesses.

The Court thus finds that the "least restrictive" conditions of release in this case are as follows: Mr. Matthews may communicate with Marc Payne, Glenn Straub, and Larry Moens, in both social and business settings, to the extent that their interactions do not refer to this ongoing criminal matter, any anticipated testimony from the witnesses, or any past experiences related to the investigation.

## IV.   CONCLUSION

Mr. Matthews's motion to modify his conditions of release therefore is **GRANTED** and **MODIFIED** as follows:  Mr. Matthews can communicate with Marc Payne, Glenn Straub, and Larry Moens, as long as these communications are (1) related to ongoing social and business matters; (2) these ongoing social and business matters are not the subject of this criminal prosecution; and (3) there is no discussion of or reference to this ongoing criminal matter, including but not limited to any anticipated testimony from these three witnesses or any past information they may have provided to federal law enforcement. The Court further reiterates that Mr. Matthews shall not seek to influence improperly the testimony of any of these three witnesses in any way.

**SO ORDERED** at Bridgeport, Connecticut, this 22nd day of June, 2018.

/s/ Victor A. Bolden
THE HONORABLE VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE