

**U.S. Department of Justice**

*United States Attorney*
*District of Connecticut*

| | |
|---|---|
| Connecticut Financial Center | (203) 821-3700 |
| 157 Church Street, 25th Floor | Fax (203) 773-5376 |
| New Haven, Connecticut 06510 | www.justice.gov/usao/ct |

April 26, 2019

David A. Ring, Esq.
Wiggin and Dana LLP
One Century Tower
265 Church Street
New Haven, Connecticut 06510

Re:   United States v. Robert V. Matthews
      Criminal No. 3:18-cr-48-VAB

Dear Attorney Ring:

This letter confirms the plea agreement between your client, Robert V. Matthews (the "defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government") in this criminal matter.

## THE PLEA AND OFFENSE

In consideration for the benefits offered under this agreement, the defendant agrees to plead guilty to counts ten, twelve, and twenty-one of the indictment charging violations of 18 U.S.C. § 1349 (conspiracy), 18 U.S.C. § 1957 (illegal monetary transactions), and 26 U.S.C. § 7201 (tax evasion), respectively.

The defendant understands that, to be guilty of the offense of conspiracy charged in count ten of the indictment, the following essential elements must be satisfied:

    1. Two or more persons, in some way or manner, agreed to try to accomplish a common and unlawful plan to commit bank fraud and wire fraud as charged in the indictment; and

    2. The defendant knew the unlawful purpose of the plan and willfully joined in it.

The defendant understands that, to be guilty of the offense of illegal monetary transactions charged in count twelve of the indictment, the following essential elements of the

*Letter to David A. Ring, Esq.*
*April 26, 2019*
*Page 2*

offense must be satisfied:

    1. The defendant knowingly engaged in a monetary transaction in or affecting interstate commerce;

    2. The monetary transaction involved criminally derived proceeds of a value greater than $10,000;

    3. The monetary transaction involved criminally derived property, which was derived from specified unlawful activity;

    4. The defendant knew that the monetary transaction involved criminally derived property; and

    5. The monetary transaction took place within the United States.

The defendant understands that, to be guilty of the offense of tax evasion charged in count twenty-one of the indictment, the following essential elements must be satisfied:

    1. The existence of a substantial tax liability;

    2. The defendant committed an affirmative act constituting an evasion or attempted evasion of the tax; and

    3. The defendant acted willfully.

## **THE PENALTIES**

### Imprisonment

The offense charged in count ten of the indictment carries a maximum penalty of 30 years of imprisonment.

The offense charged in count twelve of the indictment carries a maximum penalty of 10 years of imprisonment.

The offense charged in count twenty-one of the indictment carries a maximum penalty of 5 years of imprisonment.

### Supervised Release

In addition, for the offense charged in count ten of the indictment the Court may impose a term of supervised release of not more than five years to begin after any term of imprisonment. 18 U.S.C. § 3583. The defendant understands that, should he violate any condition of supervised release for the offense charged in count ten of the indictment, he may be required to serve a

*Letter to David A. Ring, Esq.*
*April 26, 2019*
*Page 3*

further term of imprisonment of up to three years per violation pursuant to 18 U.S.C. § 3583 with no credit for time already spent on supervised release.

For the offense charged in count twelve of the indictment the Court may impose a term of supervised release of not more than three years to begin after any term of imprisonment. 18 U.S.C. § 3583. The defendant understands that, should he violate any condition of supervised release for the offense charged in count twelve of the indictment, he may be required to serve a further term of imprisonment of up to two years per violation pursuant to 18 U.S.C. § 3583 with no credit for time already spent on supervised release.

For the offense charged in count twenty-one of the indictment, the Court may impose a term of supervised release of not more than three years to begin after any term of imprisonment. 18 U.S.C. § 3583. The defendant understands that, should he violate any condition of supervised release for the offense charged in count twenty-one of the indictment, he may be required to serve a further term of imprisonment of up to two years with no credit for time already spent on supervised release.

### Fine

The offense charged in count ten of the indictment carries a maximum fine of $1,000,000. The offense charged in count twelve of the indictment carries a maximum fine of $250,000. The offense charged in count twenty-one of the indictment carries a maximum fine of $100,000.

The defendant is also subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; (3) $250,000; or (4) the amount specified in the section defining the offense, which is $1,000,000 for count ten and $100,000 for count twenty-one.

### Special Assessment

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100 on each count of conviction, for a total of $300. The defendant agrees to pay the special assessment to the Clerk of the Court on the day the guilty plea is accepted.

### Restitution

With regard to the non-tax offenses charged in counts ten and twelve of the indictment, in addition to the other penalties provided by law, the Court must also order that the defendant make restitution under 18 U.S.C. § 3663A, and the Government reserves its right to seek restitution on behalf of victims consistent with the provisions of § 3663A. The parties further agree that the Court shall order the defendant to pay restitution for losses incurred by victims as a result of the non-tax related relevant conduct identified in paragraphs 1-6 of the attached

*Letter to David A. Ring, Esq.*
*April 26, 2019*
*Page 4*

"Stipulation of Offense Conduct and Relevant Conduct," pursuant to 18 U.S.C. § 3663A(a)(3), even if such victims and/or losses do not result from the counts of conviction.

The scope and effect of the order of restitution are set forth in the attached Rider Concerning Restitution. Restitution is payable immediately unless otherwise ordered by the Court.

With regard to the defendant's conviction on count twenty-one of the indictment, in addition to the other penalties provided by law, the Court may also order that the defendant make restitution under 18 U.S.C. § 3663, and the Government reserves its right to seek restitution on behalf of the IRS consistent with the provisions of § 3663. The scope and effect of the order of restitution are set forth in the attached Rider Concerning Restitution. Restitution is payable immediately unless otherwise ordered by the Court.

Pursuant to 18 U.S.C. § 3663(a)(3), the defendant agrees that his tax restitution is $2,885,234.59 plus accrued interest and that he will sign the IRS forms deemed necessary by the IRS to enable it to make assessment of the agreed-upon criminal restitution, including agreeing to sign IRS Form 8821, "Tax Information Authorization." The defendant further agrees to allow the contents of his IRS criminal file to be given to civil attorneys and support staff of the United States Attorney's Office and the IRS to enable them to investigate any taxes owed by the defendant, including, but not limited to, any civil penalties and interest. With respect to disclosure of the criminal file to the above-listed individuals and entities, the defendant waives any rights the defendant might hold under 26 U.S.C. §§ 6103, 7213, and Fed. R. Crim. P. 6(e). The defendant further waives any other rights he might have to non-disclosure of tax-related information. The defendant agrees as a special condition of probation or supervised release that he will cooperate with the IRS to pay all outstanding taxes, interest, and penalties.

If the Court orders the defendant to pay restitution to the IRS for the failure to pay tax, either directly as part of the sentence or as a condition of probation or supervised release, the IRS will use the restitution order as the basis for a civil assessment. 26 U.S.C. § 6201(a)(4). The defendant does not have the right to challenge the amount of this assessment. 26 U.S.C. § 6201(a)(4)(C). Neither the existence of a restitution payment schedule nor the defendant's timely payment of restitution according to that schedule will preclude the IRS from administrative collection of the restitution-based assessment, including levy and distraint under 26 U.S.C. § 6331.

If the Court orders restitution to the IRS, the parties understand that the district court will ensure that all other victims receive full restitution before the United States receives any restitution. 18 U.S.C. § 3664(i).

<u>Interest, penalties and fines</u>

Unless otherwise ordered, should the Court impose a fine or restitution of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of the fine or restitution not paid within 15 days after the judgment date. 18 U.S.C. § 3612(f). Other penalties

*Letter to David A. Ring, Esq.*
*April 26, 2019*
*Page 5*

and fines may be assessed on the unpaid balance of a fine or restitution pursuant to 18 U.S.C. § 3572(h), (*i*) and § 3612(g).

The defendant agrees that by virtue of his plea of guilty he waives any rights or cause of action to claim that he is a "substantially prevailing party" for the purpose of recovery of attorney fees and other litigation costs in any related forfeiture proceeding pursuant to 28 U.S.C. § 2465(b)(1).

## THE SENTENCING GUIDELINES

### Applicability

The defendant understands that the Court is required to consider any applicable Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. § 3553(a) to tailor an appropriate sentence in this case and is not bound by this plea agreement. The defendant agrees that the Sentencing Guideline determinations will be made by the Court, by a preponderance of the evidence, based upon input from the defendant, the Government, and the United States Probation Office. The defendant further understands that he has no right to withdraw his guilty plea if his sentence or the Guideline application is other than he anticipated, including if the sentence is outside any of the ranges set forth in this agreement.

### Acceptance of Responsibility

At this time, the Government agrees to recommend that the Court reduce by two levels the defendant's adjusted offense level under § 3E1.1(a) of the Sentencing Guidelines, based on the defendant's prompt recognition and affirmative acceptance of personal responsibility for the offense. Moreover, should the defendant qualify for a decrease under § 3E1.1(a) and his offense level determined prior to the operation of subsection (a) is level 16 or greater, the Government will file a motion with the Court pursuant to § 3E1.1(b) which recommends that the Court reduce the defendant's Adjusted Offense Level by one additional level based on his prompt notification of his intention to enter a plea of guilty. The defendant understands that the Court is not obligated to accept the Government's recommendations on the reductions.

The above-listed recommendations are conditioned upon the defendant's affirmative demonstration of acceptance of responsibility, by (1) truthfully admitting the conduct comprising the offense(s) of conviction and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under § 1B1.3 of the Sentencing Guidelines, and (2) disclosing to the United States Attorney's Office and the United States Probation Office a complete and truthful financial statement detailing the defendant's financial condition. The defendant expressly authorizes the United States Attorney's Office to obtain a credit report concerning the defendant.

In addition, the Government expressly reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant engages in any acts, unknown to the Government at the time of the signing of this agreement, which (1) indicate that the defendant

*Letter to David A. Ring, Esq.*
*April 26, 2019*
*Page 6*

has not terminated or withdrawn from criminal conduct or associations (§ 3E1.1 of the Sentencing Guidelines); (2) could provide a basis for an adjustment for obstructing or impeding the administration of justice (§ 3C1.1 of the Sentencing Guidelines); or (3) constitute a violation of any condition of release. Moreover, the Government reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant seeks to withdraw his guilty plea or takes a position at sentencing, or otherwise, which, in the Government's assessment, is inconsistent with affirmative acceptance of personal responsibility. The defendant understands that he may not withdraw his plea of guilty if, for the reasons explained above, the Government does not make one or both of the recommendations or seeks denial of the adjustment for acceptance of responsibility.

### Stipulation

Pursuant to § 6B1.4 of the Sentencing Guidelines, the defendant and the Government have entered into the attached stipulation, which is a part of this plea agreement. The defendant understands that this stipulation does not set forth all of the relevant conduct and characteristics that may be considered by the Court for purposes of sentencing. The defendant understands that this stipulation is not binding on the Court. The defendant also understands that the Government and the United States Probation Office are obligated to advise the Court of any additional relevant facts that subsequently come to their attention.

### Information to the Court

The Government reserves its right to address the Court with respect to an appropriate sentence to be imposed in this case. Moreover, the Government will discuss the facts of this case, including information regarding the defendant's background and character, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to material in its file, with the exception of grand jury material.

## WAIVER OF RIGHTS

The defendant acknowledges and agrees that he is knowingly, intelligently, and voluntarily waiving the following rights:

### Waiver of Trial Rights and Consequences of Guilty Plea

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him.

The defendant understands that he has the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against him, the right not to be compelled to incriminate himself, the right to testify and present evidence, and the right to compel the attendance of witnesses to testify in his defense. The defendant understands that

*Letter to David A. Ring, Esq.*
*April 26, 2019*
*Page 7*

by pleading guilty he waives those rights and that, if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands that, if he pleads guilty, the Court may ask him questions about each offense to which he pleads guilty, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making false statements.

### Waiver of Statute of Limitations

The defendant agrees that, should the conviction following defendant's guilty plea be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement (including any indictment or counts the Government has agreed to dismiss at sentencing pursuant to this plea agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution. The defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

### Waiver of Right to Challenge Conviction

The defendant acknowledges that under certain circumstances he is entitled to challenge his conviction. By pleading guilty, the defendant waives his right to appeal or collaterally attack his conviction in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241. In addition to any other claims he might raise, the defendant waives his right to challenge his conviction based on (1) any non-jurisdictional defects in the proceedings before entry of this plea, (2) a claim that the statute(s) to which the defendant is pleading guilty is unconstitutional, and (3) a claim that the admitted conduct does not fall within the scope of the statute. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

### Waiver of Right to Appeal or Collaterally Attack Sentence

The defendant acknowledges that under certain circumstances, he is entitled to challenge his sentence. In consideration for the benefits offered under this agreement, the defendant agrees not to appeal or collaterally attack the sentence in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241 if that sentence does not exceed 360 months of imprisonment, a five-year term of supervised release, a $300 special assessment, a $1,000,000 fine, and restitution in any amount to be determined by the Court, even if the Court imposes such a sentence based on an analysis different from that specified above. The Government and the defendant agree that this waiver applies regardless of whether the term of imprisonment is imposed to run consecutively to or concurrently with, in whole or in part, the undischarged portion of any other sentence that has been imposed on the defendant at the time of sentencing in

*Letter to David A. Ring, Esq.*
*April 26, 2019*
*Page 8*

this case. Furthermore, the parties agree that any challenge to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) this waiver. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

## ACKNOWLEDGMENT OF GUILT AND VOLUNTARINESS OF PLEA

The defendant acknowledges that he is entering into this agreement and is pleading guilty freely and voluntarily because he is guilty. The defendant further acknowledges that he is entering into this agreement without reliance upon any discussions between the Government and him (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges his understanding of the nature of the offense to which he is pleading guilty, including the penalties provided by law. The defendant also acknowledges his complete satisfaction with the representation and advice received from his undersigned attorney. The defendant and his undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

The defendant acknowledges that he is not a "prevailing party" within the meaning of Public Law 105-119, section 617 ("the Hyde Amendment") with respect to the count of conviction or any other count or charge that may be dismissed pursuant to this agreement. The defendant voluntarily, knowingly, and intelligently waives any rights he may have to seek attorney's fees and other litigation expenses under the Hyde Amendment.

## SCOPE OF THE AGREEMENT

The defendant acknowledges that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to him with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the defendant acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving him.

## COLLATERAL CONSEQUENCES

The defendant understands that he will be adjudicated guilty of each offense to which he has pleaded guilty and will be deprived of certain rights, such as the right to hold public office, to serve on a jury, to possess firearms and ammunition, and in some states, the right to vote. Further, the defendant understands that if he is not a citizen of the United States, a plea of guilty may result in removal from the United States, denial of citizenship, and denial of admission to the United States in the future. The defendant understands that pursuant to section 203(b) of the Justice For All Act, the Federal Bureau of Prisons or the United States Probation Office will collect a DNA sample from the defendant for analysis and indexing. Finally, the defendant

*Letter to David A. Ring, Esq.*
*April 26, 2019*
*Page 9*

understands that the Government reserves the right to notify any state or federal agency by which he is licensed, or with which he does business, as well as any current or future employer of the fact of his conviction.

## SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH

The defendant's guilty plea, if accepted by the Court, will satisfy the federal criminal liability of the defendant in the District of Connecticut as a result of his participation in the misconduct that forms the basis of the indictment in this case as well as the relevant conduct described in the "Stipulation of Offense and Relevant Conduct" attached to this plea agreement. After sentencing, the Government will move to dismiss counts one through nine, eleven, and thirteen through twenty of the indictment as to the defendant.

The defendant understands that if, before sentencing, he violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement. If the agreement is voided in whole or in part, the defendant will not be permitted to withdraw his guilty plea.

*Letter to David A. Ring, Esq.*
*April 26, 2019*
*Page 10*

**NO OTHER PROMISES**

    The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

    This letter shall be presented to the Court, in open court, and filed in this case.

    Very truly yours,

    JOHN H. DURHAM
    UNITED STATES ATTORNEY

    JOHN T. PIERPONT, JR.
    DAVID E. NOVICK
    ASSISTANT UNITED STATES ATTORNEYS

    The defendant certifies that he has read this plea agreement letter and its attachment(s) or has had it read or translated to him, that he has had ample time to discuss this agreement and its attachment(s) with counsel and that he fully understands and accepts its terms.

ROBERT V. MATTHEWS      Date: 4/25/19
The Defendant

    I have thoroughly read, reviewed and explained this plea agreement and its attachment(s) to my client who advises me that he understands and accepts its terms.

DAVID A. RING, ESQ.      Date: 4/25/19
Attorney for the Defendant

*Letter to David A. Ring, Esq.*
*April 26, 2019*
*Page 11*

## STIPULATION OF OFFENSE CONDUCT AND RELEVANT CONDUCT

The defendant and the Government stipulate to the following offense conduct and relevant conduct that give rise to the defendant's agreement to plead guilty to counts ten, twelve, and twenty-one of the indictment:

1. From in or around 2007 through in or around 2009, the defendant conspired with others in a scheme to defraud T.D. Banknorth, N.A., a bank whose deposits were insured by the Federal Deposit Insurance Company, out of the proceeds of a construction loan by making material misrepresentations to T.D. Banknorth, N.A. in connection with the development of the Point Breeze Hotel in Nantucket, Massachusetts.

2. In or around June 2010, the defendant conspired with others in a scheme to defraud T.D. Bank, N.A., a bank whose deposits were insured by the Federal Deposit Insurance Company, out of its ability to foreclose on a parcel of property owned by the defendant located in Nantucket, Massachusetts.

3. From in or around December 2010 through in or around January 2013, the defendant conspired with others in a scheme to defraud JP Morgan Chase Bank N.A. ("JPMC"), a bank whose deposits were insured by the Federal Deposit Insurance Company, by obtaining insurance proceeds through material misrepresentations to JPMC and misappropriating a significant portion of those insurance proceeds, which were intended to repair property located at 115 Lower Church Hill Road, Washington Depot, Connecticut.

4. From in or around 2012 and continuing through in or around January 2018, the defendant conspired with others to defraud EB-5 investors (that is, investors participating in the EB-5 visa program) out of money and property by means of material misrepresentations in connection with the Palm House Hotel located at 160 Royal Palm Way, Palm Beach, Florida ("PHH").

5. From in or around 2012 and continuing through in or around April 2016, the defendant conspired with others to deceive JPMC into selling the property located at 115 Lower Church Hill Road to the defendant through the use of a straw purchaser and misusing EB-5 funding earmarked for the development of the PHH to do so.

6. On or around April 30, 2014, the defendant knowingly caused a monetary transaction to take place in which $2,601,646.32 of fraudulently obtained proceeds derived from the wire fraud at the PHH moved from an account in the name of NJL Development LLC at First Bank of the Palm Beaches in Florida to an account at Webster Bank in Connecticut.

7. Since 2008, the defendant and his wife have had a substantial tax due and owing to the United States of America for the calendar years 2005 and 2007. At all relevant times, the defendant was aware of this tax liability. Notwithstanding this tax obligation, the defendant willfully took affirmative steps to avoid and evade paying the taxes due and

*Letter to David A. Ring, Esq.*
*April 26, 2019*
*Page 12*

owing. For example, in or around November 2014, the defendant caused his wife to execute documents to obtain a loan from an individual with the initials K.M., which was secured by real property located at 115 Lower Church Hill Road. At the time, the property was not in the name of the defendant, but instead in the name of a shell company called NJL Development Group, LLC. The proceeds of this loan were eventually disbursed into an account controlled by the defendant and his wife at Regions Bank in Florida in the name of Mirabia LLC. The defendant subsequently used the loan proceeds disbursed to the Mirabia LLC account for personal expenses without paying any of his outstanding tax liability.

The defendant agrees that the foregoing relevant conduct should be considered by the Court for purposes of calculating the defendant's sentencing guidelines range, and must be considered by the Court in assessing restitution.

This written stipulation is part of the plea agreement. The defendant and the Government reserve their right to present additional offense conduct and relevant conduct to the Court in connection with sentencing.

_____
ROBERT V. MATTHEWS
The Defendant

_____
JOHN T. PIERPONT, JR.
DAVID. E. NOVICK
ASSISTANT UNITED STATES ATTORNEYS

_____
DAVID A. RING, ESQ.
Attorney for the Defendant

*Letter to David A. Ring, Esq.*
*April 26, 2019*
*Page 13*

## RIDER CONCERNING RESTITUTION

The Court shall order that the defendant make restitution under 18 U.S.C. § 3663A to victims of the non-tax offenses of conviction and relevant conduct, and may order the defendant to make restitution to the IRS as follows:

1. If the offense resulted in damage to or loss or destruction of property of a victim of the offense:

   A. Return the property to the owner of the property or someone designated by the owner; or

   B. If return of the property is impossible, impracticable, or inadequate, pay an amount equal to:

   The greater of -
   (I) the value of the property on the date of the damage, loss, or destruction; or

   (II) the value of the property on the date of sentencing, less the value as of the date the property is returned.

2. In the case of an offense resulting in bodily injury to a victim –

   A. Pay an amount equal to the costs of necessary medical and related professional services and devices related to physical, psychiatric, and psychological care; including non-medical care and treatment rendered in accordance with a method of healing recognized by the law of the place of treatment;

   B. Pay an amount equal to the cost of necessary physical and occupational therapy and rehabilitation; and

   C. Reimburse the victim for income lost by such victim as a result of such offense;

3. In the case of an offense resulting in bodily injury that results in the death of the victim, pay an amount equal to the cost of necessary funeral and related services; and

4. In any case, reimburse the victim for lost income and necessary child care, transportation, and other expenses incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense.

The order of restitution has the effect of a civil judgment against the defendant. In addition to the Court-ordered restitution, the Court may order that the conditions of its order of restitution be made a condition of probation or supervised release. Failure to make restitution as ordered may result in a revocation of probation, 18 U.S.C. § 3565, or a modification of the conditions of supervised release, 18 U.S.C. § 3583(e). Failure to pay restitution may also result in the defendant being held in contempt, or the defendant's re-sentencing to any sentence which

*Letter to David A. Ring, Esq.*
*April 26, 2019*
*Page 14*

might originally have been imposed by the Court. *See* 18 U.S.C. §§ 3613A, 3614. The Court may also order that the defendant give notice to any victim(s) of his offense under 18 U.S.C. § 3555.