UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>   v.<br><br>ROBERT V. MATTHEWS, LESLIE R. EVANS, and MARIA MATTHEWS,<br>   *Defendants*. | No. 3:18-cr-48 (VAB) |

**ORDER**

Pending before the Court is the motion of Robert Matthews ("Defendant") for the Court to appoint his initially retained counsel, David A. Ring, and retained co-counsel Paul A. Tuchmann, as counsel under the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A, *et seq.*, because he is no longer able to afford their services as retained counsel. Motion for Appointment of CJA Counsel, dated Apr. 25, 2019 ("Mot."), ECF No. 89.

For the reasons that follow, the Court **GRANTS** Mr. Matthews's motion.

The Court appoints Mr. Ring as his CJA counsel, with the appointment retroactive to April 2, 2018. The Court also appoints Mr. Tuchmann as additional pre-trial counsel, with the appointment retroactive to November 1, 2018 and ending April 25, 2019. This motion is granted subject to other conditions detailed in this Order.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

On March 14, 2018, a grand jury indicted Mr. Matthews and his attorney, Leslie R. Evans in a twenty-count indictment alleging, *inter alia*, a wire fraud scheme intended to defraud and obtain money and property from foreign investors in connection with development and investment projects. Indictment, dated Mar. 14, 2018, ECF No. 1.

On April 2, 2018, Mr. Matthews engaged the services of David A. Ring, Esq. of Wiggin and Dana LLP. *See* Sealed *Ex Parte*, *In Camera* Affidavit of David A. Ring, Esq., dated Apr. 25,

2019 ("Ring Aff."), ECF No. 90, ¶ 1. In accordance with his retainer agreement with Wiggin and Dana, Mr. Matthews arranged for third parties to provide the funds for a retainer. *Id.* ¶ 2.

On April 17, 2018, Mr. Matthews was arraigned before this Court and pleaded not guilty to the twenty counts of the indictment. Minute Entry, dated Apr. 17, 2018, ECF No. 18.

On August 29, 2018, a grand jury returned a superseding indictment of Mr. Matthews, Mr. Evans, and Mr. Matthews's spouse, Maria Matthews. Superseding Indictment, dated Aug. 29, 2018, ECF No. 39. In addition to the twenty original counts, Mr. Matthews and Ms. Matthews were indicted for a single count of felony tax evasion, in violation of 26 U.S.C. § 7201 and 18 U.S.C. § 2. *Id.* ¶¶ 51–53.

On September 4, 2018, Mr. Matthews was arraigned before United States Magistrate Judge Robert M. Spector and pleaded not guilty to the twenty-one counts of the superseding indictment. Minute Entry, dated Sept. 4, 2018, ECF No. 46.

In November 2018, Paul Tuchmann, a partner at Wiggin and Dana and member of the CJA panel, began providing additional representation to Mr. Matthews in

On November 30, 2018, Mr. Matthews moved seeking to dismiss counts one through eight of the superseding indictment, and to transfer this matter to the Southern District of Florida. Motion to Dismiss and to Transfer Venue, dated Nov. 30, 2018, ECF No. 71.

That motion was fully briefed as of January 11, 2019, and was set to be argued on April 24, 2019. Notice of E-Filed Calendar, dated Mar. 9, 2019, ECF No. 85.

On April 10, 2019, Mr. Matthews moved to continue the April 24, 2019 oral argument and suspend the scheduling order, in light of an anticipated second superseding indictment. Motion to Continue Oral Argument and Suspend Scheduling Order, dated Apr. 10, 2019, ECF No. 86. On April 11, 2019, the Court granted that motion.

On April 25, 2019, Mr. Matthews pleaded guilty to counts ten, twelve, and twenty-one of the superseding indictment. Minute Entry, dated Apr. 25, 2019, ECF No. 99; Transcript of Proceedings, filed May 3, 2019, ECF No. 101. Earlier that same day, Ms. Matthews pleaded guilty to count twenty-one of the indictment. Minute Entry, dated Apr. 25, 2019, ECF No. 96; Transcript of Proceedings, filed May 3, 2019, ECF No. 102.

That same day, Mr. Matthews moved for the Court to appoint his initially retained counsel, David Ring and Paul Tuchmann of Wiggin and Dana LLP, as CJA counsel, on the ground that he is no longer able to afford their services as retained counsel. Mot. Mr. Ring submitted an *ex parte* affidavit outlining why he and Mr. Matthews believe this appointment is necessary. *Ex Parte, In Camera* Affidavit in Support of Mot., dated Apr. 25, 2019 ("Ring Aff."), ECF No. 90. Mr. Matthews also submitted a sealed CJA financial affidavit in support of the motion. CJA Financial Affidavit, dated Apr. 25, 2019, ECF No. 91.

On June 17, 2019, the Court held an *ex parte* telephonic motion hearing with Mr. Ring and Mr. Tuchmann. Minute Entry, dated Jun. 17, 2019, ECF No. 108. Both attorneys agreed to provide additional documentation requested by the Court.

On July 1, 2019, Mr. Matthews filed an *ex parte*, *in camera* supplemental submission in support of the motion, providing additional information and documents to the Court.[1] *Ex Parte*, *In Camera* Supplemental Motion for CJA Appointment, dated Jul. 1, 2019 ("Def.'s Supp."). Mr. Matthews also moved for leave to keep this submission under seal. Motion to Seal, dated Jul. 1, 2019, ECF No. 113. On July 2, 2019, the Court granted that motion. Order, dated Jul. 2, 2019, ECF No. 115.

---

[1] While Mr. Matthews styled this submission as a new motion, he does not seek any relief different than the original motion. Accordingly, the Court simply treats this as a supplement to that motion.

## II.   STANDARD OF REVIEW

To appoint CJA counsel under 18 U.S.C. § 3006A(c) and the CJA Plan of the District of Connecticut, the court must find that the criminal defendant "is financially unable to pay counsel whom [s]he had retained" and that "the interests of justice . . . dictate" the appointment of counsel. 18 U.S.C. § 3006A(c); Amended Criminal Justice Act Plan for the District of Connecticut, approved Oct. 4, 2018 ("CJA Plan"), § XI.C ("If at any stage of the proceedings, the judicial officer finds that a person is financially unable to continue to pay retained counsel, the judicial officer may make an original appointment of counsel in accordance with the general procedures set forth in this Plan.").

"It is the responsibility of the defendant to provide the court with sufficient and accurate information upon which the court can make an eligibility determination." *United States v. Parker*, 439 F.3d 81, 96 (2d Cir. 2006). An "appropriate inquiry" into financial eligibility may require "[i]nvestigation of the applicant's assets, liabilities, income and obligations." *Id.* at 93. Courts generally consider both the "'economic realities' of the situation including the costs of a criminal defense" as well as "whether the defendant own[s] or control[s] substantial assets" because "a defendant's own funds must be weighed against the anticipated cost of trial." *Id.*

To appoint additional counsel, the court must also determine that "the case is complex and that it is in the interest of justice to appoint multiple attorneys." CJA Plan § XII.A.

## III.   DISCUSSION

### A.  CJA Appointment

At the time that Mr. Matthews first retained the law firm of Wiggin & Dana, he had assistance to fulfill his obligations to pay retained counsel. Based on his sworn affidavits and other submissions, he currently does not have the funds necessary to pay for Mr. Ring and Mr.

Tuchmann's services according to his retainer agreement, and does not have the income necessary to obtain such funds in the foreseeable future. *See* CJA 23 Aff.; Ring Aff. ¶¶ 7–8; Retainer Agreement, dated Apr. 2, 2018, annexed as Ex. 2 to Def.'s Supp., ECF No. 113-2; Monthly Bankruptcy Operating Reports, dated Nov. 2017 through Feb. 2019, annexed as Ex. 3 to Def.'s Supp., ECF No. 114-3; Order Confirming Plan of Reorganization Under Chapter 11, dated Dec. 21, 2018, annexed as Ex. 4 to Def.'s Supp., ECF No. 114-4.

The Court therefore finds that Mr. Matthews is currently "financially unable to pay" the attorneys he originally retained in this matter. 18 U.S.C. § 3006A(c). The Court further finds that the interests of justice . . . dictate" the appointment of Mr. Ring as CJA counsel in this matter. *Id.*

In addition, the Court finds that, given the voluminous amount of discovery produced by the Government—"amounting to hundreds of thousands of pages of materials, if not more"—the case was so complex, before Mr. Matthews's guilty plea, as to warrant the appointment of additional pre-trial counsel. Def.'s Supp. ¶ 2. The Court also finds that it is in the interests of justice to make such an appointment. *See* CJA Plan § XII.A. Because Mr. Matthews is no longer preparing for a trial, however, that second appointment is not necessary with respect to any time Mr. Tuchmann spent on this matter after Mr. Matthews pleaded guilty.

For the foregoing reasons, the Court **GRANTS** Mr. Matthews's motion to appoint counsel under 18 U.S.C. § 3006A(c). The Court appoints Mr. Ring as his CJA counsel, with the appointment retroactive to April 2, 2018. The Court also appoints Mr. Tuchmann as additional pre-trial counsel, with the appointment retroactive to November 1, 2018 and ending April 25, 2019.

The $50,000 in fees that was already paid to Wiggin and Dana shall be pro-rated as follows:

(1) for Mr. Ring's work since April 2, 2018, at the hourly rate of $140 per hour for attorney time in non-capital cases;[2]

(2) for Mr. Tuchmann's work since November 1, 2018 through April 25, 2019 at the lower hourly rate of $90 per hour, as is applicable to associate counsel.[3]

Consistent with this Order, Mr. Spears and Ms. Eastwood shall submit billing records covering the entirety of their representation in this case. Any remaining shortfall in his attorney's fees shall be covered by CJA funds.

In addition, should Mr. Matthews's financial situation change such that he is able to pay her attorney's fees, in whole or in part, Mr. Matthews and his counsel are expected to so inform the Court. *See* CJA Plan § XI.E.

### B. Continued Sealing of CJA Motion Documents

As the Second Circuit recently reaffirmed, "all documents submitted in connection with, and relevant to . . . judicial decision-making are subject to at least some presumption of public access." *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019).

Because the documents submitted in support of the motion to appoint Mr. Ring and Mr. Tuchmann as CJA counsel are "relevant to the performance of the judicial function and useful in the judicial process" in the Court's decision on this motion, they are judicial documents entitled to a presumption of public access "without regard to which way the court ultimately rules or whether the document ultimately in fact influences the court's decision." *Id.* at 49.

"Once an item is deemed relevant to the exercise of judicial power, 'the weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those

---

[2] SECOND CIRCUIT CJA POL'Y & PROCED. MANUAL § I.F.1 & app. A (amended through Mar. 23, 2018).

[3] SECOND CIRCUIT CJA POL'Y & PROCED. MANUAL § II.A.1.c (amended through Mar. 23, 2018).

monitoring the federal courts.' Thus, while evidence introduced at trial or in connection with summary judgment enjoys a strong presumption of public access, documents that 'play only a negligible role in the performance of Article III duties' are accorded only a low presumption that 'amounts to little more than a prediction of public access absent a countervailing reason.'" *Id.* at 49–50 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049, 1050 (2d Cir. 1995).

To ensure that these materials are not improperly kept from public view, the Court **ORDERS** Mr. Matthews to file a submission explaining which documents should be unsealed fully, which should be partially redacted, and which should remain fully sealed, by **September 6, 2019**.[4] That submission should articulate "specific and substantial reasons" for maintaining any sealing or redactions—bearing in mind, of course, that those reasons need not be "as compelling as those required to seal summary judgment findings." *Id.* at 50.

**SO ORDERED** at Bridgeport, Connecticut, this 12th day of August, 2019.

          /s/ Victor A. Bolden
Victor A. Bolden
United States District Judge

---

[4] For any documents that Mr. Matthews believes should be partially redacted, the proposed redactions should also be filed with the submission.