# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : CASE NO.: 3:18-CR-00048 (VAB) |
| v. | : |
| ROBERT V. MATTHEWS, | : |
| | : September 6, 2019 |
| Defendant. | : |

## DEFENDANT MATTHEWS' RESPONSE TO COURT ORDER

On August 12, 2019, the Court issued an order appointing counsel for Mr. Matthews pursuant to 18 U.S.C. § 3006A.  ECF No. 122.  As part of its order, the Court instructed counsel to file a submission explaining which, if any, of the documents filed in support of Mr. Matthews' motion for appointment of counsel should remain under seal.  *Id.* at 7.

In response to the Court's order, the undersigned represents as follows:

1. Counsel filed Mr. Matthews' motion for appointment for counsel, and other related materials, *ex parte* and *in camera* because they pertained to Mr. Matthews' representation.

2. Upon further review and consideration, counsel has determined:

    a. ECF No. 90: This affidavit, filed by counsel in support of the motion for appointment of counsel, contains information largely derived from documents filed publicly in the Southern District of Florida.  It may be unsealed without objection by the defendant.

    b. ECF No. 91: CJA Form 23 is routinely filed under seal in this District and elsewhere, and should **remain** under seal.

      c.     ECF No. 114: This supplemental motion for appointment of counsel was filed in response to the Court's request for information.  The supplemental motion, itself, does not contain privileged or confidential information, and it may be unsealed without objection from the defendant.

      d.     ECF No. 114, Exhibit 1:  This Exhibit contains Mr. Matthews and his wife's tax returns for the years 2015 to 2017.  These returns were not made public as part of Mr. Matthews' bankruptcy proceeding, as bankruptcy rules prevent them from being made public.  *See* Guide to Judiciary Policy, Vol. 4: Court and Case Management, Ch. 8: Bankruptcy Case Policies, at https://www.uscourts.gov/sites/default/files/vol04_ch08.pdf.  Because these filings are subject to statutory restrictions regarding their disclosure and not typically made available to in public proceedings, they should **remain** under seal.  *See generally* 26 U.S.C. §§ 6103 and 7213.

      e.     ECF No. 114, Exhibit 2:  This Exhibit is the retention agreement for Mr. Matthews' representation in this matter.  This agreement was filed publicly in his bankruptcy case in the Southern District of Florida, and may be unsealed without objection from the defendant.

      f.     ECF No. 114, Exhibit 3:  This Exhibit consists of several monthly operating reports filed publicly in his bankruptcy case in the Southern District of Florida, and it too may be unsealed without objection from the defendant.

      g.     ECF No. 114, Exhibit 4:  This Exhibit is a Chapter 11 Reorganization plan, also filed publicly in his bankruptcy case in the Southern District of Florida.  It may be unsealed without objection from the defendant.

For the foregoing reasons, Mr. Matthews does not object to the unsealing of ECF Nos. 90, 114, 114 Ex. 2, Ex. 3 and Ex. 4.  However, he requests that **ECF Nos. 91** and **114 Ex. 1 remain under seal**.

Respectfully submitted,

*/s/ David A. Ring*
David A. Ring (ct14362)
WIGGIN & DANA LLP
265 Church Street
P.O. Box 1832
New Haven, CT 06508-1832
T: 203-498-4377
F: 203-782-2889
dring@wiggin.com

*Attorney for Mr. Matthews*

## CERTIFICATION

I hereby certify that on this date a copy of the foregoing pleading was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

*/s/ David A. Ring*
David A. Ring